Costanzo v Joseph Rosen Found., Inc. (2019 NY Slip Op 08928)





Costanzo v Joseph Rosen Found., Inc.


2019 NY Slip Op 08928


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Renwick, J.P., Gische, Mazzarelli, Moulton, JJ.


10544 150904/17

[*1] Thomas Costanzo, et al., Plaintiffs-Respondents,
v
The Joseph Rosen Foundation, Inc., Defendant-Appellant.


Belkin Burden Wenig & Goldman, LLP, New York (Lisa Gallaudet of counsel), for appellant.
David E. Frazer, New York, for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered September 24, 2018, which denied defendant's motion for summary judgment declaring that the subject apartment is not rent stabilized, and granted plaintiffs' cross motion for summary judgment declaring that the subject residential unit is rent stabilized, summary judgment as to liability on their overcharge claim, and summary judgment dismissing defendant's counterclaim for attorneys' fees, and declared in plaintiffs' favor, unanimously affirmed, without costs.
In or about January 1983, defendant's predecessor registered the building it owned as a deregulated interim multiple dwelling (IMD) with the New York City Loft Board under article 7C of the Multiple Dwelling Law (MDL) (the Loft Law). In 1997, defendant purchased the loft rights to the subject unit from plaintiffs' predecessor in interest under Multiple Dwelling Law § 286(12), and rented the unit as a residential space to plaintiffs at a market rate under a stipulation of settlement resolving the nonpayment proceeding against the prior tenant. Among other things, the stipulation of settlement purported to waive plaintiffs' right to the protections of the Loft Law or the rent stabilization laws. Thereafter, in a series of amendments to the stipulation, plaintiffs extended their right to occupy the unit through 2017, "reconfirming" in each amendment their purported waiver of the protections of the Loft Law or the rent stabilization laws. Following defendant's refusal to renew beyond 2017, plaintiffs commenced this action for a declaration that the unit was subject to rent stabilization and to recover any overcharges resulting from the owner's failure to treat the unit as rent stabilized.
Because the apartment is located in a pre-1974 building containing six or more residential units, and is covered by the Loft Law, it reverted to rent stabilization after defendant purchased the prior occupant's rights under Multiple Dwelling Law § 286(12) (see Acevedo v Piano Bldg. LLC, 70 AD3d 124, 129 [1st Dept 2009], appeal withdrawn 14 NY3d 884 [2010]). Contrary to defendant's contention, when the building was registered as an IMD, it was deemed under Zoning Resolution 42-133 residential as of right, and therefore capable of being legalized and subject to rent stabilization (see id. at 130-131). In any event, the building would have reverted to rent regulated status because it contains six or more units (see MDL § 286[6]). Thus, the exemption from rent stabilization found in Rent Stabilization Code (9 NYCRR) § 2520.11(q) for housing accommodations that would otherwise be subject to rent regulation "solely by reason of the provisions of article 7—C of the MDL," but are exempted pursuant to MDL § 286(6) and (12), is not applicable here. Contrary to defendant's further contention, the court did not de facto vacate the stipulation of settlement; rather, as this Court has held repeatedly, parties may not contract around the rent stabilization laws (see e.g. Drucker v Mauro, 30 AD3d 37, 41 [1st Dept 2006], appeal dismissed 7 NY3d 844 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK